UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-10122 |
| ) | |
| CALVIN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant's Amended Motion for Compassionate Release requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 83). For the reasons stated below, his Amended Motion is DENIED.

### BACKGROUND

On December 17, 2013, Defendant was indicted for conspiring to distribute more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (ECF No. 5). On April 7, 2014, the Government filed a notice of prior convictions under 21 U.S.C. § 851, which stated that Defendant had been convicted of two prior felony drug offenses in Cook County, Illinois. (ECF No. 25). The charged drug weight and his previous convictions exposed him to a life sentence. *See* § 841(b)(1)(A). The parties negotiated a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a twenty-year sentence. (ECF No. 35). On October 30, 2015, this Court sentenced Defendant to 240 months of imprisonment and eight years of supervised release. (ECF No. 40).

On March 29, 2021, Defendant filed his first *pro se* Motion for Compassionate Release. (ECF No. 63). The Court appointed counsel to represent him, and his attorney filed an Amended

Motion for Compassionate Release in April 2021. (ECF No. 67). On May 3, 2021, this Court denied the motion because (1) he failed to establish an extraordinary and compelling reason for a reduced sentence and (2) the § 3553(a) sentencing factors weighed against release. (ECF No. 70).

On September 21, 2021, Defendant filed a second *pro se* Motion for Compassionate Release. (ECF No. 78). This Court appointed counsel to represent him, and on October 26, 2021, his attorney filed an Amended Motion. (ECF No. 83). On November 9, 2021, the Government filed a Response. (ECF No. 84). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied

such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

### DISCUSSION

Defendant argues his medical conditions, persistent symptoms of COVID-19, and his good behavior in prison warrant compassionate release. (ECF No. 83). The Government urges the Court to deny his Amended Motion because he fails to present an extraordinary and compelling reason for release, has already contracted and recovered from COVID-19, is fully vaccinated, and the § 3553(a) factors do not support a reduction. (ECF No. 84). The Court finds the exhaustion requirements have been met and addresses this matter on the merits. *Id*. at 8.

    **I.**     **Defendant failed to establish an extraordinary and compelling reason for a reduced sentence.**

    **A. FCI Oxford**

Defendant is currently located at Federal Correctional Institution Oxford in Oxford, Wisconsin (FCI Oxford) with an expected release date of August 16, 2030. (ECF No. 84 at 5). FCI Oxford houses approximately 996 total inmates. *Id*. at 7. To-date, FCI Oxford has fully vaccinated 6024 inmates and 102 staff. *Id*. Zero inmates and one staff member are positive for COVID-19, and the 571 inmates and eighty-five staff members who contracted COVID-19 have recovered. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last

visited on Nov. 10, 2021). With cases down and vaccinations up, it appears that issues related to the pandemic are waning in this facility.

### B. Defendant's Health

Defendant argues that compassionate release is warranted because he suffers from health issues, including gastroesophageal reflux disease. (ECF No. 83 at 2). Defendant vomits approximately two to three times a week, and occasionally, there is blood in the vomit. *Id.* at 3. Updated medical records from the BOP indicate the medication Defendant takes for this condition is working well. (ECF No. 86-1 at 1-14). On a follow-up visit on August 19, 2021, Defendant reported that he is "doing well" on the reflux medications, and the advanced nurse practitioner noted his "symptoms of Reflux is [sic] controlled." *Id.* at 1. Defendant denied being in any pain at that visit but did report bloating and feeling full at times. *Id.*

On October 5, 2020, Defendant tested positive for COVID-19. (ECF No. 66). He claims that it weakened his ability to do physical activities and he still has symptoms; however, his medical records indicate he made a full recovery and has no lingering side effects. (ECF No. 83 at 2; ECF No. 84 at 5). Defendant is also fully vaccinated; he received both doses of the Moderna COVID-19 vaccine as of April 27, 2021. (ECF No. 79).

This Court finds that Defendant failed to demonstrate extraordinary and compelling reasons for compassionate release based on the conditions at FCI Oxford, any lingering symptoms of COVID-19, or his medical conditions. According to the CDC, gastro-esophageal reflux disease does not place Defendant at an increased risk for severe complications from COVID-19. *See People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on Nov. 15, 2021).

Defendant already contracted COVID-19 and is fully vaccinated. Cases of reinfection have been reported but remain rare. *Reinfection with COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited on Nov. 15, 2021). Other district courts have held the virus does not present an extraordinary and compelling reason for compassionate release for a vaccinated inmate. *See, e.g., United States v. Wills*, 2021 WL 2179256, at *3-4 (D. Or. May 27, 2021) (collecting cases); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. Apr. 27, 2021) ("Given current understanding, the Pfizer vaccine is so effective at preventing serious illness from COVID-19 that the threat of McBriarty's becoming seriously ill is miniscule – and certainly not extraordinary and compelling.") Inmates who have access to the vaccine cannot use the risk of COVID-19 to obtain compassionate release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Therefore, Defendant's Amended Motion is DENIED.

## II.     The § 3553(a) sentencing factors weigh against release.

This Court previously found the § 3553(a) factors did not support a sentence reduction. (ECF No. 70 at 7-8). The Court relies upon and incorporates its prior findings for purposes of this Order and again finds that a reduction is unwarranted under § 3553(a).

### CONCLUSION

Defendant's Amended Motion for Compassionate Release [83] is DENIED and his *pro se* Motion for Compassionate Release [78] is MOOT.

ENTERED this 17th day of November, 2021.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge