UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-cr-10122 |
| | ) |
| CALVIN WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

### ORDER AND OPINION

This matter is now before the Court on Defendant Calvin Williams' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 93. For the reasons set forth below, Defendant's Motion is DENIED.

### BACKGROUND

Defendant is serving a term of 240 months for conspiring to distribute methamphetamine. ECF No. 40. The Government represents that Defendant's expected release date is August 16, 2030.

Defendant filed his first motion for compassionate release on March 29, 2021 related to the COVID-19 outbreak. ECF No. 63. The Court appointed him Counsel who filed an amended motion on similar grounds. ECF No. 67. The Court denied the motion finding that Defendant failed to establish an extraordinary and compelling reason for reduced sentence and that the § 3553(a) sentencing factors weight against release. ECF No. 70.

On September 21, 2021 Defendant filed a second *pro se* Motion for Compassionate Release. ECF No. 78. The Court appointed Counsel to represent him, and on October 26, 2021, his attorney filed an Amended Motion. ECF No. 83. Defendant argued that his medical conditions,

persistent COVID-19 symptoms, and his good behavior in prison warrant compassionate release. *Id*. The Court denied the motion again finding that Defendant failed to demonstrate extraordinary and compelling reasons for compassionate release due to any health issues or conditions at the facility where he was held. ECF No. 87. The Court further found that the § 3553(a) factors did not support a sentence reduction.

Petitioner filed his third Motion for Compassionate Release and requested to proceed *pro se*. ECF Nos. 93, 94. The Government responded (ECF No. 101) and Petitioner filed a reply (ECF No. 102). Accordingly, this motion is ripe for review.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

>At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The Government's Response indicates that Defendant has met the mandatory exhaustion step. ECF No. 101 at 13. The Government agrees that Defendant filed a request with BOP that was denied by the Warden on May 6, 2022. *Id*. However, the Government maintains that Defendant has not met his burden to demonstrate that there is an extraordinary and compelling reason for a reduction in sentence.

Defendant argues that he has rehabilitated himself and that if he was sentenced today, his prior cocaine offenses would not longer qualify as a predicate felony drug offenses that would trigger a sentencing enhancement. He also cites COVID-19 concerns and states that he has lingering effects from a prior infection. He further points to his efforts of rehabilitation in support of his motion.

In *United States v. Martin*, the Seventh Circuit held that "a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release." 21 F.4th 944, 946 (7th Cir. 2021). The Seventh Circuit explained that to permit a defendant to use a motion for compassionate release to challenge a potential sentencing error "would circumvent the normal

3

process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *Id.* (citing *Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). In *Thacker*, the Seventh Circuit expressed concern about allowing "the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences." *Thacker*, 4 F.4th at 574. "That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions." *Id*.

Further, while the Court commends Defendant's steps toward rehabilitation, those efforts alone are not a basis of relief under § 3582(c)(1)(A). The Seventh Circuit is clear that it "cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme." *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022). Accordingly, Defendant's numerous steps toward rehabilitation are not a standalone reason for release. To the extent Defendant continues to make arguments related to COVID-19 risks, the Court has already twice rejected similar arguments. ECF Nos. 70, 87. Finally, the Court has already recently found that the § 3553(a) factors weight against release. ECF No. 70. Accordingly, Defendant has again failed to present and extraordinary and compelling reason for relief.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [93] is DENIED with prejudice.

ENTERED this 23rd day of September, 2022.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Court Judge